## LOGAN *vs.* DESHAY and others.

A person made a will, giving certain legacies out of his personal property, and devised his real estate to his wife and one of his sons, and appointed a stranger to his will an executor. Before his death, he sold all his personal property to the son to whom the devise was made, and took his notes for payment, in different sums, payable to different and several of his children, and these notes were enclosed in the will.—Held, that these notes were an appointment of so much to the several persons to whom they were made payable; and that the legatees could take nothing by their legacies, independent of such appointments, inasmuch as the legacies were payable out of the personal property, and the personal property was sold by the testator before his death.

ON the 10th Nov. 1831, Samuel Bower made his will by which, after providing for the payment of the expenses of his last sickness and funeral expenses, he devises and bequeathes as follows:

1. To his wife, the use of one-third of all his estate, both real and personal, during her life.

2. To his son John, a legacy of $150 out of his personal property; and to his son Samuel, the like legacy out of the same property.

3. To his daughters Jane and Nancy, legacies of $150 each out of his personal property.

4. To his daughter Rosannah, $350 exclusive of her outfit, which is to be equal in value as that received by either of her sisters, Jane or Nancy, which said outfit is to be paid out of my personal estate over and above the said sum of $350.

27

5. A legacy to his son James, of ten dollars.

6. A devise to his son Benjamin, of two-thirds of all his real estate, and at the decease of his wife, the other third.

7. To several grand-children, $5 each, as a legacy.

8. After paying all the above legacies and all debts, he bequeathes the residue of his personal estate to his son Benjamin, and appoints his wife and Edward Logan executors.

The testator owned about 300 acres of land, and died in June, 1836. This land had very much increased in value from the time of making his will to the time of his death. Some short time previous to his death, he expressed a desire to make a more just distribution of his property among his children, and spoke of altering his will, but did not; but in lieu thereof, sold all his personal property to his son Benjamin Bower, and took from him notes payable to the following persons at the following times, without interest, viz.

| | | |
|---|---|---:|
| To Jane Deshay, due at two years, for | | $90 |
| To John Bower, due at two years, for | | 200 |
| To Nancy Culbertson, due at three years, for | | 150 |
| To James Bower, due at three years, for | | 200 |
| To Rose Ann Bower, due at three years, for | 250 | |
| To Samuel Bower, due at three years, for | | 200 |

Making, in all,                                $1,090

These notes were all enclosed in the will, and placed in the hands of Morgan Hammond. After the testator's death, he handed them with the will to Edward Logan, one of the executors. The widow renounced, and the complainant proved the will, and now files his bill to obtain the advice of the court as

to his duties. Proofs are taken, and the cause comes on to be heard upon pleadings and proofs.

*O. Hastings,* for complainant.

*J. Young,* for defendants.

THE VICE CHANCELLOR. The testator in his will has given various pecuniary legacies, to be paid out of his personal estate specifically. He has devised his real estate and his residuary personal estate to his son Benjamin Bower ; but he has appointed a stranger to his blood and to his will, his executor. A period of nearly five years elapsed between the making his will and the death of the testator. During this period, the real estate of the testator was enhanced very considerably in value; and I have no doubt, from the testimony, that the testator, just before his death, wished to vary the disposition of his property as made by his will, so as to give his other children, except Benjamin, a greater amount than they would have received under the will. The proofs seem to sustain this view of the case, particularly the testimony of Patrick Galbraith. Unfortunately, the testator, instead of altering his will to secure this object, determined upon the expedient of selling his personal estate to his son Benjamin, and taking his notes payable to his other children, at times when he supposed either that they would want the money, or that Benjamin could conveniently pay them. These notes were enclosed in the will ; and I have no doubt they were intended to be in addition to the legacies given in the will itself. The will itself was suffered to remain unaltered. An executor has nothing to do with any of the estate of the de-

cedent, except the personal estate. This is the fund out of which debts and legacies are to be paid. He cannot touch the real estate for the payment of legacies, without power is given to him in the will to dispose of it for that purpose. And the devisee of real estate receives it discharged of any claims for legacies, unless this species of property is expressly charged with that burden, except in certain cases where the devisee is made executor with directions to pay legacies, in which case he takes the devise *cum onere.* Such is not this case. Here the devisee is not appointed executor; and if he was, the rule would not apply to him, as in this case the legacies are expressly required to be paid out of the testator's personal property. Here, then, by the application of the plain and well settled rules of law, the personal estate having all been disposed of during the testator's life time, all the legacies fail. There is no fund out of which to pay them. The testator unquestionably had a right, during his life time, to dispose of his personal estate. This he has done ; and this (the personal estate) being the fund out of which the legacies were to be paid, by the destruction of this fund, the legacies growing out of it are adeemed.

The taking of the notes for this personal estate in the manner they were taken, and placed as they were placed, is an appointment of the payment thereof to the persons to whom they were made payable. The testator, in my opinion, intended to make an alteration in the disposition of his property, by making certain appointments in addition to the testimentary provisions in his will. But his will remains unaltered, and we must recognise it as his will. The rules of

law on this subject are inflexible and unbending, and very properly so, otherwise courts would make wills for parties upon perhaps loose proof. If the testator has not chosen to alter his will in the mode declared necessary by law, the court cannot alter it for him. If he has failed to carry out his intention, by a mistake as to the legal effect of the mode adopted, it is his misfortune and the misfortune of those who would be benefitted by it. Even this is better than to open a door for construction which would enable the court to make a new will for the party. In the light in which I view the case, the notes given are not assets in the hands of the executor. They must be handed over *to the parties respectively, to whom they are made payable.* I infer from the pleadings that this will leave the executor without any personal assets; consequently he will have no means to pay to either the widow or the children the legacies mentioned in the will, and he cannot therefore pay them, and they cannot take any thing by this apparent bounty of the testator.

Neither has he any means out of the estate to pay the expense of this litigation; but as he was justified in coming here to ask the advice of this court in a question of this character, it is not just that he should be compelled to pay the costs out of his own pocket. The expense should be paid out of the estate of the decedent in the hands of the executor, if any; if not, I do not see but he must pay his own costs, as there is no fund upon which it can be charged. There can be no other provision made for his costs, as it does not appear by the bill that he offered the persons to whom the notes were made, to deliver them the notes. But no costs are given against the complainant on behalf of the defendants.